IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KHOSROW NAVAIE                                      No. 3:22-cv-01040-HZ

          Plaintiff(s),                               OPINION & ORDER

    v.

TRANS UNION LLC,

          Defendant(s).

Khosrow Navaie
P.O. Box 1964
Gresham, OR 97030

    Plaintiff, *Pro Se*

Nicholas J. Henderson
Motschenbacher & Blattner, LLP
117 S.W. Taylor St.
Suite 300
Portland, OR 97204

Preandra Landrum
Schuckit & Associates
4545 Northwestern Drive
Zionsville, IN 46077

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

This matter comes before the Court on Defendant's Motion for Judgment on the Pleadings. ECF 12. For the reasons that follow, the Court grants Defendant's Motion.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and the filings related to the Motion for Judgment on the Pleadings and are taken as true unless otherwise noted.

In March 2021 Plaintiff Khosrow Navaie made two payments to his Discover credit card account, "substantially lowering his balance." Plaintiff "noticed [his] Transunion credit score dropped a whopping 55 points right after [he] had made the two . . . payments into [his] Discover account." Compl. ¶ 6. Plaintiff disputed "this incident to [Defendant] TransUnion and the company replied they were investigating." *Id.* ¶ 11. Defendant's "final investigation[, however,] did not repair [Plaintiff's] credit profile, and did not retain or upgrade [his] credit score." *Id.*

Plaintiff alleges the "Transunion . . . 55 points score dive reporting on [his] credit profile, placed [Plaintiff] in a very difficult position to apply for a loan for [his] business, or [to] apply for other credit cards." *Id.* ¶ 10. Specifically, Plaintiff "had to borrow private loans to keep [him] afloat on [his] business and [his] expenditure [*sic*]." *Id.* ¶ 12.

On March 31, 2022, Plaintiff filed a Complaint in Multnomah County Circuit Court against Trans Union alleging Defendant's actions violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Plaintiff seeks damages of $18,000.

Plaintiff served Defendant with the Complaint and Summons on July 11, 2022. On July 18, 2022, Defendant removed the matter to this Court on the basis of federal-question jurisdiction.

On February 13, 2023, Defendant filed a Motion for Judgment on the Pleadings in which it seeks dismissal of Plaintiff's Complaint with prejudice. The Court took this matter under advisement on March 7, 2023.

## STANDARDS

"After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog," because the motions are "functionally identical." *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). *See also Riera v. Somatics, LLC*, 800 F. App'x 537, 538 (9th Cir. 2020)("the same standard applies to Rule 12(b)(6) and Rule 12(c) motions"). In reviewing a motion brought under Rule 12(c), the court must "view the allegations in the complaint as true and in the light most favorable to the plaintiff." *Al Saud v. Days*, 50 F.4th 705, 709 (9th Cir. 2022)(citing *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)). The court will grant a motion for judgment on the pleadings "when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law." *Unite Here Loc. 30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 700 (9th Cir. 2022). A Rule 12(c) motion may be based on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to allege a cognizable claim. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019).

## DISCUSSION

Defendant moves for judgment on the pleadings on the grounds that to the extent that Plaintiff asserts his harm is solely that his credit score was lowered, Plaintiff lacks standing and to the extent that Plaintiff asserts his lowered score caused him to suffer damages to his business, those damages are not recoverable under FRCA.

I.     **Standing**

"To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffered a concrete harm." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021). " As the party invoking federal jurisdiction, the plaintiff[] bear[s] the burden of demonstrating that [he has] standing." *Id.* at 2208.

The Supreme Court has held that in the context of FCRA "a bare procedural violation, divorced from any concrete harm" fails to satisfy the injury-in-fact requirement of Article III. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), as revised (May 24, 2016). In addition, "[t]he mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm." *TransUnion LLC,* 141 S. Ct. at 2210.

Plaintiff does not allege in his Complaint that his credit report contains inaccurate information or that Defendant reported inaccurate information to a third-party. Rather, Plaintiff alleges Defendant violated FCRA because, after Plaintiff made payments to his Discover account, his credit score fell by 55 points. In addition, Plaintiff states in his Response to Defendant's Motion that if "Transunion representative had notified me in any fashion that my concern about dropping score is not fixable or FCRA will not accept that, then I would not have pursued to file a complaint." Pl.'s Resp., ECF 14, at ¶ 2. Plaintiff makes clear that he "did not dispute about my credit card payments being reported or inaccurate." *Id.* at ¶ 3.

Accordingly, to the extent that Plaintiff relies solely on the reduction in his credit score, Plaintiff has alleged a "bare procedural violation divorced from any concrete harm," and, therefore, fails to establish he has standing to bring a claim under FCRA.

### II.     Damages

Defendant also asserts to the extent Plaintiff's allegation that he had to "borrow private loans to keep [him] afloat on [his] business" as a result of his reduced credit score is intended as an allegation of concrete injury, courts have held that business damages are not recoverable under FCRA.

Although "FCRA expressly provides for 'actual damages' for a negligent or willful violation, [15 U.S.C.] §§ 1681n and 1681o . . . expressly provide that a violator is liable 'to that consumer.'" *Boydstun v. U.S. Bank*, 726 F. App'x 601, 601 (9th Cir. 2018)(quoting *Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1122 (D. Nev. 2008)). Accordingly, "a plaintiff seeking damages for a FCRA violation must show that the defendant's violation 'resulted in damages to [the] [p]laintiff *as a consumer*.'" *Dorian v. Cmty. Loan Servicing, LLC*, No. 22-CV-04372-DMR, 2023 WL 395790, at *5 (N.D. Cal. Jan. 25, 2023)(quoting *Boydstun*, 726 F. App'x at 601)(emphasis in *Boydstun*). FCRA defines "consumer" to mean "an individual," 15 U.S.C. § 1681a(c), and defines "consumer report" as

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--
>
> (A)   credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B)   employment purposes; or
>
> (C)   any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1). Courts, therefore, have concluded that FCRA does not apply when a consumer report is used to obtain credit for business purposes. *See Dorian*, 2023 WL 395790, at

\*6; *Grigoryan v. Experian Info. Sols., Inc.*, 84 F. Supp. 3d 1044, 1081-83 (C.D. Cal. 2014) (collecting cases; granting summary judgment on FCRA claim when the plaintiff's "claimed damages flow[ed] from [the plaintiff's] inability to supply credit to [his] real estate investment business"); *Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir. 1991) (holding that "[r]eports used for 'business, commercial, or professional purposes' [were] not within the purview of" an earlier version of the FCRA).

As noted, Plaintiff alleges in his Complaint that the decrease in his credit score had a "negative credit profile impact. [He] had to borrow private loans to keep [him] afloat on [his] business." Plaintiff does not allege in his Response that his credit report was used to obtain credit for personal purposes or that he was denied credit for personal purposes as a result of the decrease in his credit score. The Court, therefore, concludes Plaintiff has pled insufficient facts to allege a cognizable claim under FCRA. Accordingly, the Court grants Defendant's Motion for Judgment on the Pleadings.

### III.  Dismissal Without Prejudice

Defendant requests the Court dismiss Plaintiff's Complaint with prejudice because, according to Defendants, Plaintiff cannot plead plausible factual allegations that would give rise to a claim under FCRA. "When a plaintiff is *pro se*[, however,] the district court is required to explain the deficiencies in a complaint, and only dismiss with prejudice if it is absolutely clear that the plaintiff could not cure the deficiencies by amendment." *Shavelson v. Hawaii C.R. Comm'n*, 740 F. App'x 532, 534 (9th Cir. 2018)(quotation omitted).  See also *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015)("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could

not be cured by amendment.")(quotation omitted); *Hundley v. Aranas*, No. 21-15757, 2023 WL 166421, at *2 (9th Cir. Jan. 12, 2023)(same).

The Court finds it is not absolutely clear that Plaintiff could not cure the deficiencies set out in this Opinion and Order. The Court, therefore, declines to dismiss this matter with prejudice. The Court grants Plaintiff leave to file an amended complaint to the extent that Plaintiff can plausibly allege related to the events at issue that his credit report contained inaccurate information or that Defendant reported inaccurate information to a third-party or allege that his consumer report was used to obtain or to deny him credit for personal purposes rather than business purposes. Failure to file an amended complaint that cures the deficiencies set out in this Opinion and Order will result in dismissal of this matter with prejudice.

## CONCLUSION

The Court GRANTS Defendant's Motion for Judgment on the Pleadings and DENIES all pending motions as moot. ECF 12. The Court GRANTS Plaintiff leave to file an amended complaint to cure the deficiencies set out in this Opinion and Order no later than 21 days from the entry of this Opinion and Order.

IT IS SO ORDERED.

DATED:___April 4, 2023_____

_____
MARCO A. HERNÁNDEZ
United States District Judge